```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

MEKE RESTAURANT, INC./
REGMA, LLC,

      Plaintiff,

v.                        Case No. 8:23-cv-2632-VMC-CPT

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

      Defendant.
_____/

## ORDER

This matter is before the Court on consideration of Plaintiff Meke Restaurant, Inc./REGMA, LLC's Motion to Remand (Doc. # 18), filed on December 11, 2023, as well as Plaintiff's Motions for Leave to File Amended Motion to Remand, filed on December 28, 2023, and February 26, 2024, respectively. (Doc. ## 26, 32). Defendant Westchester Surplus Lines Insurance Company responded to the Motion to Remand on December 22, 2023 (Doc. # 24), and to the Motions for Leave to File Amended Motion to Remand on January 11, 2024, and March 7, 2024, respectively. (Doc. ## 29, 34). For the reasons that follow, the Motions are denied.

1

## I. Background

Plaintiff Meke Restaurant, Inc./REGMA, LLC initiated this insurance action in state court on October 10, 2023. (Doc. # 1-1). Thereafter, on November 17, 2023, Defendant Westchester Surplus Lines Insurance Company removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

Plaintiff filed a Motion to Remand (Doc. # 18) on December 11, 2023. Defendant responded on December 22, 2023. (Doc. # 24). Plaintiff subsequently filed two Motions for Leave to File Amended Motion to Remand (Doc. ## 26, 32), to which Defendant responded. (Doc. ## 29, 34). The Motions are ripe for review.

## II. Legal Standard

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other

things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). But "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010) (citations omitted).

### III. Analysis

Plaintiff asserts that Defendant has not sufficiently established that the amount in controversy exceeds $75,000. (Doc. # 18). Plaintiff's Motion to Remand both advocates for Defendant to be required to prove that the amount in controversy requirement is met to a legal certainty and

asserts that the evidence provided in support of the amount in controversy is insufficient. (Id.). Plaintiff does not contest that diversity of citizenship exists.

### A. Appropriate Standard for Establishing Amount in Controversy

As an initial matter, the Court notes that Defendant must only establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence. See 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of [a civil] action is proper on the basis of an amount in controversy . . . if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."). The requirement in Burns v. Windsor Ins. Co., 31 F.3d 1093 (11th Cir. 1994), that a removing defendant must prove that the amount in controversy exceeds $75,000 to a legal certainty is no longer good law. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) (stating that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). Therefore, this Court will evaluate whether Defendant has established that the amount in

4

controversy exceeds $75,000 by a preponderance by the evidence.[1]

**B.    Amount in Controversy**

To satisfy the amount in controversy requirement, Defendant in its Notice of Removal relied upon estimates that Plaintiff provided of its property damage. (Doc. # 1 at ¶ 13). Plaintiff argues that this evidence is insufficient. (Doc. # 18).

The Court concludes that the estimates relied upon by Defendant demonstrate that the amount in controversy exceeds $75,000 by a preponderance of the evidence. With the Notice of Removal, Defendant provided Plaintiff's pre-suit estimate for building coverage totaling $104,018.95. (Doc. # 1-10 at 8). Additionally, Defendant provided Plaintiff's pre-suit estimate for business interruption coverage totaling $51,409.08, while also acknowledging that the insurance policy only covers up to $50,000. (Id. at 16); (Doc. # 24 at 3). Defendant also disclosed that it already paid $61,163.80

---

[1] In Plaintiff's Motions to Amend, Plaintiff seeks to amend the Motion based on its reliance on Burns and to correct its failure to include a certification pursuant to Local Rule 3.01(g). (Doc. ## 26, 32). However, as discussed below, an amendment would be futile as Defendant has provided sufficient evidence to establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Therefore, Plaintiff's Motions to Amend are denied.

5

and that the policy has a $8,250 deductible. (Doc. # 1 at 4). Plaintiff sought damages for underpayment for both forms of damage. (Doc. # 1-1 at ¶ 8). Therefore, based on these values, the amount in controversy totaled at least $84,605.15 ($104,018.95 + $50,000 - $61,163.80 - $8,250) at the time of removal.

Defendant's response to the Motion to Remand also clarifies that Plaintiff is also seeking damages for Defendant's alleged underpayment for damage to contents and business personal property. (Doc. # 24 at 4); see (Doc. # 1-1 at ¶ 8) ("The Defendant undervalued all other coverages . . . such as business personal property and business interruption). Plaintiff's claim for damage to contents and business personal property is valued at $22,207.29 (Doc. # 24-1), minus the $9,274.37 already paid by Defendant. (Doc. # 24 at 4). While Defendant has already demonstrated that the amount in controversy is met, this value provides further evidence that Plaintiff's claim exceeded $75,000 at the time of removal.

Plaintiff argues that the public adjuster estimates relied upon by Defendant in the Notice of Removal are "in a constant state of flux" and cannot be relied upon to establish the amount in controversy. (Doc. # 18 at 4). The Court

6

disagrees and finds the evidence both reliable and very useful for determining the amount in controversy. Indeed, many other courts have reviewed public adjuster estimates and considered them when determining the amount in controversy. See, e.g., Stefchack v. Geovera Specialty Ins. Co., No. 6:20-cv-1092-ACC-GJK, 2020 WL 6478527, at *2 (M.D. Fla. Aug., 26, 2020) ("[T]he proof of loss statement provided by Plaintiffs' public adjuster . . . can serve as the basis for sufficiently alleging the amount in controversy.").

As part of this argument, Plaintiff also notes that Defendant relies on damages that Defendant argues "may not be covered under the subject policy." (Doc. # 18 at 4). However, a defendant's dispute that certain amounts are recoverable does not prevent the Court from considering these amounts when determining the amount in controversy. In Alliandach Development, Inc. v. Nationwide Insurance Co. of America, No. 1:18-cv-23737-UU, 2018 U.S. Dist. LEXIS 224003 (S.D. Fla. Nov. 20, 2018), the Court explained to Plaintiff's counsel, who was the same counsel as represents Plaintiff in this case, "Plaintiff's argument is meritless to the extent it seeks to argue that a Defendant cannot simultaneously contest that an amount is owed to Plaintiff while using that amount to argue

that the amount in controversy is met for § 1332." Id. at *10.

Plaintiff's other arguments also do not establish that the Court should remand the case. First, Plaintiff highlights that the complaint states that damages fall between $50,000 and $75,000. (Doc. # 1-1 at 1). However, because the public adjuster estimates establish by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal, this statement does not prevent removal. See Perez v. Cellco P'ship, No. 8:14-cv-926-JSM-TGW, 2014 WL 2215745, at *2-3 (M.D. Fla. May 28, 2014) (denying a motion to remand despite a statement in the complaint that the amount in controversy was between $15,000 and $75,000); Kerins by Timmer v. Prudential Ins. Co. of Am., No. 8:17-cv-2996-JSM-AAS, 2018 WL 4610618, at *1-2 (M.D. Fla. Jan. 10, 2018) (same).

Second, Plaintiff's argument that the case must be remanded because Plaintiff made a post-removal settlement demand for a value "less than or equal to $75,000, exclusive of attorney's fees and costs" fails. (Doc. # 18 at 3). Post-removal offers to limit damages below $75,000 do not divest this Court of jurisdiction because the amount in controversy is determined at the time of removal. See Dero Roofing, LLC

8

v. Fed. Ins. Co., No. 2:20-cv-614-SPC-MRM, 2020 U.S. Dist. LEXIS 209128, at *3 (M.D. Fla. Nov. 9, 2020) (explaining to Plaintiff's counsel, who was the same counsel as represents Plaintiff in this case, that Plaintiff's offer to stipulate to damages less than $75,000 after the time of removal did not impact the amount in controversy determination because amount in controversy is determined at the time of removal).

In short, Defendant has carried its burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence. The Court determines that it has subject matter jurisdiction.

### C. Compliance with Local Rule 3.01(g)

Defendant also argues that Plaintiff's Motion to Remand (Doc. # 18) and Motion for Leave to File Amended Motion to Remand (Doc. # 26) should be denied for failure to comply with Local Rule 3.01(g). (Doc. ## 24, 29). The Court agrees that Local Rule 3.01(g) provides a basis for denying these motions. Failure to comply with the rule "can result in denial of the motion without prejudice." Local Rule 3.01(g)(3). While the Court has opted to deny the Motions on their merits, the Court reminds Plaintiff of its obligation to comply with Local Rule 3.01(g) when filing future motions.

### D. Sanctions

In Defendant's responses, it requests that the Court order sanctions against Plaintiff for filing a frivolous Motion to Remand and Second Motion for Leave to File Amended Motion to Remand. (Doc. # 24 at 2); (Doc. # 34 at 5). While the Court shares Defendant's concern that Plaintiff raises arguments in its Motion to Remand that have been rejected in other cases, (Doc. # 24 at 6-10), and that Plaintiff filed a Second Motion for Leave to File Amended Motion to Remand that largely replicated the first, (Doc. # 32), the Court will not impose sanctions at this time. Defendant does not specify the legal basis for imposing sanctions. However, Federal Rule of Civil Procedure 11 requires that "[a] motion for sanctions . . . be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Therefore, as Defendant's request was made in its response to Plaintiff's motions, sanctions may not be imposed under this rule.

Even so, the Court reminds Plaintiff of its obligation to properly research all arguments before filing a motion with the Court. See Fed. R. Civ. P. 11(b) ("By presenting to the court a . . . written motion[] or other paper[,] . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry

reasonable under the circumstances[,] . . . it is not being presented for any improper purpose [and] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .").

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Meke Restaurant, Inc./REGMA, LLC's Motion to Remand (Doc. # 18) is **DENIED**. Plaintiff's Motions for Leave to File Amended Motion to Remand (Doc. ## 26, 32) are also **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of May, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

11